# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL ANTHONY HUGHES,
        Plaintiff,

v.        Civil Action No. 3:05CV9

JERRY L. DETRICK, ADMINISTRATOR,
        Defendant.

## MEMORANDUM, OPINION and REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE

### I. FACTS

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.03. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C. §§ 1915(e) and 1915A,[1] the undersigned concludes the facts as the plaintiff alleges are insufficient to sustain a claim and the complaint should be summarily dismissed without prejudice.

---

[1] 28 U.S.C. § 1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

## II. ANALYSIS

### A. Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion in § 1997e(a) cases is now mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. § 1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).[2] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedy. Brown; 42 U.S.C. § 1997e(a).

The Regional Jail Authority has a three-step grievance process. First, the prisoner must file a level one grievance with the Administrator. If unsatisfied with the Level 1 decision, the prisoner may proceed to level 2 by filing an appeal with the Chief of Operations and then may proceed to level 3 by requesting a review by the Executive Director.

On January 6, 2005 Plaintiff filed an inmate grievance with Jerry L. Detrich the administrator. Plaintiff appealed the Level 1 decision to Henry R. Robins, Jr., Deputy Chief of

---

[2] In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." Porter, 534 U.S. at 520.

Operations. However, Plaintiff did not proceed to level 3 by requesting a review by the Executive Director. On April 1, 2005 the undersigned Ordered Plaintiff to provide proof that he exhausted his administrative remedies by May 1, 2005. As of May 11, 2005 Claimant has not filed proof that he exhausted his administrative remedies.

## III. RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's Complaint be DISMISSED without prejudice.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to all parties appearing herein.

DATED: May 11, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE